UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES M. DENT<br>Defendant | Crim. No. _____<br><br>18 U.S.C. §2320<br>(Trafficking in Counterfeit Goods)<br>18 U.S.C. §2323<br>(Forfeiture) |

## INFORMATION

The United States Attorney Charges that:

### BACKGROUND

At all times relevant to this Information:

1. JAMES M. DENT lived in Chicopee, Massachusetts.

2. DENT owned and operated five sporting goods stores in Malls located in Central and Western Massachusetts: Sports Zone (Holyoke, Holyoke Mall); Sports Zone (Worcester, Greendale Mall); Collectibles and Cards (Lanesborough, Berkshire Mall); Collectibles and Cards (Hadley, Hampshire Mall); and Collectibles and Cards (Springfield, Eastfield Mall).

3. DENT purchased and sold a variety of sporting goods and memorabilia at his stores, including sports apparel that purported to be licensed apparel of the National Hockey League (NHL), National Football League (NFL), Major League Baseball (MLB), and National Basketball Association (NBA) and the teams associated with those leagues.

4. The United States Patent and Trademark Office maintains trademarks on its principal register for apparel bearing the logos of the leagues and teams associated with the NHL, NFL, MLB and NBA. The trademarks include the below trademarks, all of which were in

use at all times relevant to this Information:

- Trademark number 25: 1,745,873 registered the Bruins "B" Logo for use in connection with the sale of Boston Bruins apparel, including team jerseys and t-shirts purchased and resold by DENT;

- Trademark number 25: 2,755,546 registered the Patriots Head Logo for use in connection with the sale of Patriots apparel, including team jerseys and t-shirts purchased and resold by DENT;

- Trademark number 25: 2,504,257 registered the Red Sox "B" Logo for use in connection with the sale of Red Sox apparel, including team jerseys and t-shirts purchased and resold by DENT;

- Trademark number 25: 2,525,782 registered the NBA player Silhouette Logo for use in connection with the sale of NBA apparel, including Celtics team jerseys and t-shirts purchased and resold by DENT.

5. The merchandise sold by DENT in his stores included numerous apparel items that were not made by those authorized to use these trademarks.

6. DENT purchased this counterfeit apparel directly from companies in China.

7. DENT knew that he was selling counterfeit merchandise that bore marks that were identical to or indistinguishable from the genuine marks trademarked by the NHL, NFL, MLB, and NBA and the teams associated with those leagues.

8. DENT mixed counterfeit and genuine apparel together in his store, and sold the items for substantially the same price, in an attempt to deceive his customers into believing that the counterfeit apparel was genuine. DENT also sold items of inferior quality that were improperly labeled, for a lower price than genuine items.

9. DENT knew that the price of the items was an important indicator of authenticity for customers, and understood that licensing fees were part of the cost of authentic items. In an article published on February 2, 2012 on the website for station WGGB-TV (ABC40/Fox6 Springfield) titled "Thinking about Sporting Your Super Bowl 46 Team Colors? Make Sure to

Avoid the Phony Factor." DENT, who was interviewed for the article, was quoted as saying: "What we tell people is that's why a lot of stuff is so expensive. Because the licensing fees you have to pay the NFL, MLB, all the different sports venues..." DENT explained why counterfeit materials were cheaper: "It's not licensed material, that's why it is so cheap." DENT noted that "it could be very hard" for a customer to tell the difference between genuine and counterfeit goods.

10.     DENT sold several thousand pieces of counterfeit merchandise in this manner between 2010 and 2012. DENT first began purchasing counterfeit merchandise through other means in approximately 2007.

## COUNT ONE
### (Trafficking in Counterfeit Goods)
### 18 U.S.C. § 2320

11. The United States Attorney realleges and incorporates by reference paragraphs 1 - 11 of this Information and further charges that:

12. On or about March 5, 2012, in Hadley in the District of Massachusetts, the defendant

## JAMES M. DENT

intentionally trafficked and attempted to traffic in consumer goods – to wit Boston Bruins jerseys and t-shirts bearing Bruins trademarks – and did knowingly use counterfeit marks – specifically the Bruins "B" Logo – on and in connection with such goods, which counterfeit marks were identical to and substantially indistinguishable from genuine marks in use and registered on the principal register in the Unites States Patent and Trademark Office (Trademark Number 25: 1,745,873) for Boston Bruins apparel, including team jerseys and t-shirts, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of 18 U.S.C. §2320(a)(1).

## COUNT TWO
### (Trafficking in Counterfeit Goods)
### 18 U.S.C. § 2320

13.     The United States Attorney realleges and incorporates by reference paragraphs 1-11 of this Information and further charges that:

14.     On or about March 5, 2012, in Worcester in the District of Massachusetts, the defendant

### JAMES M. DENT

intentionally trafficked and attempted to traffic in consumer goods – to wit Patriots team jerseys and t-shirts bearing Patriots trademarks– and did knowingly use counterfeit marks – specifically the Patriots Head Logo – on and in connection with such goods, which counterfeit marks were identical to and substantially indistinguishable from genuine marks in use and registered on the principal register in the United States Patent and Trademark Office (Trademark Number 25: 2,755,546) for Patriots apparel, including team jerseys and t-shirts, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of 18 U.S.C. §2320(a)(1).

## COUNT THREE
### (Trafficking in Counterfeit Goods)
### 18 U.S.C. § 2320

15. The United States Attorney realleges and incorporates by reference paragraphs 1 - 11 of this Information and further charges that:

16. On or about March 5, 2012, in Lanesborough in the District of Massachusetts, the defendant

## JAMES M. DENT

intentionally trafficked and attempted to traffic in consumer goods – to wit Red Sox team jerseys and t-shirts, bearing Red Sox trademarks – and did knowingly use counterfeit marks – specifically the Red Sox "B" Logo – on and in connection with such goods, which counterfeit marks were identical to and substantially indistinguishable from genuine marks in use and registered on the principal register in the Unites States Patent and Trademark Office (Trademark 25: 2,504,257) for Red Sox apparel, including team jerseys and t-shirts, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of 18 U.S.C. §2320(a)(1).

## COUNT FOUR
### (Trafficking in Counterfeit Goods)
### 18 U.S.C. § 2320

17.  The United States Attorney realleges and incorporates by reference paragraphs 1 - 11 of this Information and further charges that:

18.  On or about March 5, 2012, in Holyoke in the District of Massachusetts, the defendant

### JAMES M. DENT

intentionally trafficked and attempted to traffic in consumer goods – to wit Celtics team jerseys and t-shirts, bearing NBA trademarks – and did knowingly use counterfeit marks – specifically the NBA player Silhouette Logo – on and in connection with such goods, which counterfeit marks were identical to and substantially indistinguishable from genuine marks in use and registered on the principal register in the Unites States Patent and Trademark Office (Trademark 25: 2,525,782) for NBA apparel, including Celtics team jerseys and t-shirts, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of 18 U.S.C. §2320(a)(1).

## COUNT FIVE
### (Trafficking in Counterfeit Goods)
### 18 U.S.C. § 2320

19. The United States Attorney realleges and incorporates by reference paragraphs 1 - 11 of this Information and further charges that:

20. On or about March 5, 2012, in Springfield in the District of Massachusetts, the defendant

### JAMES M. DENT

intentionally trafficked and attempted to traffic in consumer goods – to wit Boston Bruins jerseys and t-shirts bearing Bruins trademarks – and did knowingly use counterfeit marks – specifically the Bruins "B" Logo – on and in connection with such goods, which counterfeit marks were identical to and substantially indistinguishable from genuine marks in use and registered on the principal register in the Unites States Patent and Trademark Office (Trademark Number 25: 1,745,873) for Boston Bruins apparel, including team jerseys and t-shirts, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of 18 U.S.C. §2320(a)(1).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 2323

21. The United States Attorney realleges and incorporates by reference paragraphs 1 - 21 of this Information and further charges that:

22. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Information, the defendant

### JAMES M. DENT

shall forfeit to the United States, pursuant to 18 U.S.C. § 2323(b)(1), (i) any article, the making or trafficking of which is prohibited under 18 U.S.C. § 2320; (ii) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offense; and (iii) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of such offense.

23. If any of the property described in paragraph 23 hereof as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 2323(b)(2), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the

property described in paragraph 23 above.

All pursuant to Title 18, United States Code, Section 2323.

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Amy Harman Burkart*
Amy Harman Burkart
Assistant U.S. Attorney
